{¶ 24} I concur in the judgment and opinion except for the principal opinion's plain error analysis. I fully agree that the trial court properly advised appellant of the maximum sentence and that appellant voluntarily entered his guilty plea. Additionally, trial court misstatements concerning parole or post-release control did not lead appellant to believe that he would be entitled to an early release from prison and thereby unfairly enticed appellant to enter his plea. Thus, appellant suffered no prejudice and no manifest miscarriage of justice occurred.
 {¶ 25} My only disagreement with the principal opinion is that I do not believe that we should review these issues under a plain error analysis. In other words, I do not believe that a defendant must interpose a detailed objection at the sentencing hearing in order to properly preserve a sentencing issue for appellate review. Ohio's convoluted and complex felony sentencing statutes require trial courts to make many findings and conclusions. I believe that it is unreasonable to require defendants to make specific, detailed and complete objections at the sentencing hearing, or be deemed to have waived any sentencing issue. I also fear that a contrary view will simply result in a multitude of ineffective assistance of counsel claims.
 {¶ 26} Once again, however, in all other respects I fully concur with the principal opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion in part with Attached Opinion.
Kline, J.: Concurs in Judgment and Opinion.